```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

RAHIEM NOWELL,                      :
        Plaintiff,             :
    v.                             : Civil Action No. 04-304J
JEFFREY BEARD, SECRETARY,           :
PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, et al.,                :
        Defendants             :

### Report and Recommendation

Recommendation

    I recommend that the defendants' motion to dismiss, docket no. 10, be granted.

Report

    While incarcerated and subject to the Prison Litigation Reform Act, plaintiff filed a complaint alleging that he had been assaulted by a corrections officer at S.C.I. Houtzdale. I screened the complaint pursuant to 28 U.S.C.§ 1915A, recommended that the bulk of the complaint be dismissed for failure to state a claim, and advised plaintiff that he could file an amended complaint. Plaintiff filed an amended complaint, docket no. 6, substantially repeating the original complaint. Defendants filed a motion to dismiss, docket no. 10, asserting the compliant was defective on several grounds, including failure to exhaust administrative remedies as directed by the Prison Litigation Reform Act. See 42 U.S.C.§ 1997e(a).

    Reviewing the exhibits to the motion to dismiss, it is clear that plaintiff filed grievances concerning the incident that took place on October 22, 2003, and it is equally clear that

plaintiff alleged that he was wrongly charged with assaulting a corrections officer and lying to a corrections officer, but did not allege in any of the grievances that he was assaulted in violation of the Eighth Amendment, the claim he seeks to bring in federal court. Under the rule applicable in this circuit, exhaustion of administrative remedies requires that the essentials of the claim which plaintiff intends to present in court be first presented to the grievance system, not that plaintiff merely file any grievance whatsoever. See <u>Spruill v. Gillis</u>, 372 F.3d 218, 233-35 (3d Cir.2004)(inmate required under state law to present essential facts in grievance process; identity of defendant is an essential fact; failure to name a defendant in grievance would ordinarily bar claim against that defendant.) <u>Accord</u>, <u>Williams v. Pennsylvania, Department of Corrections</u>, WL 1950801 (3d Cir. August 16, 2005). The administrative grievance system in Pennsylvania requires that the facts relevant to his claim be presented "if practicable." <u>Spruill</u>, <u>supra</u>, 372 F.3d at 234. The alleged assault and injuries suffered by plaintiff by necessity would have been apparent to him at the time they occurred, and plaintiff clearly had access to the grievance process. It was therefore practicable for plaintiff to have included allegations concerning them in his administrative grievances. Plaintiff's failure to do so procedurally defaults any claim in federal court.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 19 October 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Rahiem Nowell
2313 West 15th Street
Chester Township, PA 19013

Christian D. Bareford, Esquire
6th Floor Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219